IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ-MARIA URZUA,<br><br>         Plaintiff,<br>   v.<br><br>AMERICA'S SERVICING COMPANY<br>and DOES 1-10,<br><br>         Defendants.<br>                                                              / | No. C 09-00560 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Defendant has filed a motion to dismiss plaintiff's complaint or, in the alternative, for a more definite statement and/or to strike portions of the complaint. The motion is scheduled for hearing on April 10, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, defendant's motion to dismiss is GRANTED with leave to amend. Should plaintiff choose to file an amended complaint, she must do so **by April 22, 2009**.

**BACKGROUND**

On February 6, 2009, pro se plaintiff Luz-Maria Urzua filed a complaint against defendant America's Servicing Company ("ASC") and Does 1-10, alleging claims for fraud, usury, abuse of process, intentional infliction of emotional distress, and trespass. Plaintiff does not specify what course of events caused her to file the complaint, but this action appears to be related to a mortgage loan plaintiff acquired for a property in Vacaville, California. On March 2, 2009, defendant filed the instant motion, which plaintiff did not oppose.

**LEGAL STANDARD**

**A.    Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to less rigorous standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Where the petitioner is pro se the Court has an obligation, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). Even though pro se pleadings should be construed liberally, they must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460

(9th Cir. 1980)).

**B.     Venue**

Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue. Fed. R. Civ. P. 12(b)(3). When federal jurisdiction rests on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391. When venue in a particular district is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## DISCUSSION

The Court finds that plaintiff's complaint is deficient in numerous respects. Plaintiff did not file an opposition to defendant's motion to dismiss, so it is not clear whether she intends to pursue this case. In light of her pro se status, the Court will allow plaintiff an opportunity to amend the complaint despite her failure to oppose the instant motion.

**A.     Venue**

There is no information in the complaint about where AMC resides. The Court notes that the property at issue in this case is in Solano County, which falls under the jurisdiction of the Eastern District of California. Plaintiff has filed her complaint in the Northern District of California. If plaintiff intends to pursue this case, she must establish that venue in this district is proper. If venue in this district is not proper, plaintiff may move to dismiss her complaint without prejudice and refile in the Eastern District of California. Alternatively, she may move to transfer the case to the Eastern District of California.

3

**B.      Jurisdiction**

One overarching problem with the complaint is that plaintiff fails to allege a basis for federal jurisdiction. The Court advises plaintiff that in order to file a lawsuit in federal court, she must establish a basis for federal court jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction must be based on either diversity of citizenship or a federal question, and that basis must be stated in the complaint. Federal question jurisdiction is proper where the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal diversity jurisdiction is proper where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Thus, if plaintiff wishes to amend the complaint, she must state the basis for federal jurisdiction if she can truthfully do so. If she cannot, she may not proceed with her claim in federal court.

**C.      Fraud**

Another problem with plaintiff's complaint is that it does not contain sufficient factual allegations. Plaintiff does not allege what ASC did or failed to do, or how ASC was involved in the loan transaction at issue here. This is particularly problematic because plaintiff's first cause of action is for fraud. Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal. App. 4th 1371, 1381 (2006). Common law claims of fraud must be pled with sufficient particularity. *See* Fed. R. Civ. P. 9(b) ("[I]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."). Therefore, in addition to the "time, place and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

//

4

**D.     Usury**

Plaintiff fails to allege facts in support of her second cause of action, for usury. The essential elements of usury are: (1) the transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction. *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798 (1994) (citations omitted). Plaintiff alleges that defendants "never lent money" and provides the definition of usury from Black's Law Dictionary. Compl. at ¶¶ 21-22. Plaintiff does not plead any specific facts regarding the interest rate paid on her loan, the statutory maximum interest rate, or the intent of the lenders. *See id.*

**E.     Abuse of Process**

Plaintiff's third cause of action, for abuse of process, fails because she does not allege facts showing that a judicial process was initiated against her for an improper purpose. In fact, plaintiff's abuse of process claim appears to actually allege that defendants conspired to defraud her. To the extent that plaintiff intends to allege that defendants conspired to commit fraud, it fails for the same reasons as her fraud claims failed, as outline above.

If, however, plaintiff wishes to state a claim for abuse of process, plaintiff must show that defendants used a legal process in a wrongful manner to accomplish a purpose for which it was not designed. *Spellens v. Spellens*, 49 Cal. 2d 210, 231 (1957). The essential elements of this claim are: (1) that defendants acted with an ulterior motive; and (2) that a willful act or threat was committed by defendants, not authorized by the process and not proper in the regular conduct of some official proceedings; and (3) that defendants' misuse of the legal process was a cause of injury, damage, loss or harm to plaintiff. *Id.* at 232. The nature of the tort is that it is committed by the misuse of process — i.e., the use of process for a purpose other than that for which it is designed. Witkin, *Summary of California Law* § 517 (2005).

**F.     Intentional Infliction of Emotional Distress**

Plaintiff fails to allege facts in support of her claim for intentional infliction of emotional

5

distress, her fourth cause of action. The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (1979) (citations omitted). "For [c]onduct to be outrageous, [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations omitted).

Plaintiff alleges that defendants provided false information and entered plaintiff's property without her permission. Compl. at ¶ 30. Accepting these allegations as true, this conduct is not so extreme as to exceed all bounds tolerated in a civilized society.

### G.   Trespass

Plaintiff fails to allege facts in support of her fifth cause of action, for trespass. "The essence of the cause of action for trespass is an unauthorized entry onto the land of another." *Miller v. Nat'l Broadcasting Co.*, 187 Cal. App. 3d 1463, 1480 (1986). To establish a claim for trespass, the plaintiff must prove: (1) that the plaintiff owned the property; (2) that the defendant entered the plaintiff's property without permission; (3) that plaintiff suffered harm; and (4) that the defendant's entry was a substantial factor in causing the plaintiff's harm. *Id.*; *see also* Cal. Civ. Jury Inst. § 2000 (2008).

Plaintiff merely concludes that defendants trespassed, without pleading facts sufficient to demonstrate any of the elements of a trespass claim. Indeed, plaintiff has not alleged that she owned the property at the time of the trespass or that defendants entered the property without her permission.

///

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss with leave to amend. Should plaintiff choose to file an amended complaint, she must do so **by April 22, 2009**.

**IT IS SO ORDERED.**

Dated: April 8, 2009

SUSAN ILLSTON
United States District Judge