**United States District Court**
For the Northern District of California

1

2

3

4

5                     IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    LUZ-MARIA URZUA,                            No. C 09-00560 SI

9              Plaintiff,                        **ORDER GRANTING DEFENDANT'S
                                                 MOTION TO DISMISS PLAINTIFF'S**
10   v.                                          **FIRST AMENDED COMPLAINT**

11   AMERICA'S SERVICING COMPANY,

12             Defendant.
                                          /
13

14          Defendant has filed a motion to dismiss plaintiff's complaint.  This motion is scheduled for

15   hearing on June 12, 2009.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion

16   is appropriate for resolution without oral argument, and VACATES the hearing and the case

17   management conference scheduled for the same day.  Defendant's motion is GRANTED.

18

19                                  **BACKGROUND**

20          On April 8, 2009, the Court granted defendant America's Servicing Company's motion to

21   dismiss plaintiff Luz-Maria Urzua's complaint and granted plaintiff leave to amend.  The Court

22   instructed plaintiff to file her amended complaint no later than April 22, 2009.  On April 30, 2009,

23   plaintiff filed a document titled "(Proposed) Amended Complaint for Damages."  Docket No 10.

24   Defendant has interpreted this complaint to be plaintiff's first amended complaint ("FAC") and has

25   moved to dismiss.  That motion is now before the Court.

26

27

28

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," *id.*, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to less rigorous standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Where the petitioner is pro se the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). Even though pro se pleadings should be construed liberally, they must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**United States District Court**
For the Northern District of California

**DISCUSSION**

Plaintiff's FAC does not cure any of the deficiencies in her first complaint, which the Court explained in detail in its April 8, 2009 order.  Docket No. 8.  In her FAC, plaintiff has also alleged three new causes of action: (1) quiet title; (2) wrongful foreclosure; and (3) unfair business practices.  Each of these causes of action is also deficient and each fails to state a claim upon which relief can be granted.  Because plaintiff has neither cured the deficiencies in her first complaint nor stated a new claim upon which relief can be granted, the Court concludes that granting further leave to amend would be futile.  Therefore, defendant's motion to dismiss plaintiff's FAC with prejudice is GRANTED.[1]

**1.     Fraud**

In its April 8, 2009 order, the Court explained that plaintiff's complaint did not contain sufficient factual allegations to establish fraud.  The Court explained that under California law, the elements of common law fraud are "a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damage."  *Gil v. Bank of Am.,* 138 Cal. App. 4th 1371, 1381 (2006).  The Court also explained that common law claims of fraud must be pleaded with sufficient particularity.  *See* Fed. R. Civ. P. 9(b) ("[I]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.").  The Court advised plaintiff that in addition to the "time, place, and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

In her amended complaint, plaintiff again alleges a cause of action for fraud, but again fails to provide sufficient factual allegations to support this claim.  Although plaintiff states each of the elements of fraud, she does not provide any facts or information in support of these legal conclusions.  She gives no information regarding the time, place, or content of the alleged misrepresentation.  As in her original

---

[1] Plaintiff's original complaint failed to state a basis for federal jurisdiction.  In her amended complaint, plaintiff has alleged that there is diversity jurisdiction because defendant is a corporation with its principal place of business in the state of Iowa.  Although the FAC fails to state the amount in controversy, which must exceed $75,000 for federal diversity jurisdiction, plaintiff's initial complaint sought special damages and general damages totaling $4,000,000.  The Court assumes that, if so directed, plaintiff could amend to incorporate a claim to damages in excess of $75,000.

1  complaint, plaintiff also fails to allege what defendant did or did not do, or how defendant was involved

2  in the loan transaction at issue here.  Therefore, plaintiff has not cured her failure to provide factual

3  allegations sufficient to establish a cause of action for fraud.[2]

4

5  **2.     Quiet Title to Real Property**

6         In her amended complaint, plaintiff alleges a cause of action to quiet title.  An action to quiet

7  title may be brought to establish title against adverse claims to real property or any interest therein.  Cal.

8  Code Civ. Proc. § 760.020.  A quiet title action must include: (1) a description of the property in

9  question; (2) plaintiff's title; and (3) the adverse claims to plaintiff's title.  Cal. Code Civ. Proc. §

10  761.020.

11         Plaintiff claims that she is the owner of the property located at 6787 Hillsview Drive, and that

12  defendant adversely claims an interest in the property.  FAC at ¶¶ III, IV.  However, plaintiff's

13  complaint is not supported by any additional facts showing why defendant has no right to the property

14  or any interest therein.  Plaintiff therefore has not sufficiently stated a claim for quiet title.

15

16  **3.     Wrongful Foreclosure**

17         Plaintiff lists wrongful foreclosure as the second cause of action on the cover page of her FAC,

18  but does not plead this cause of action in the body of the FAC.  Therefore, it appears that plaintiff does

19  not intend to pursue this cause of action.

20         To bring a claim arising from a foreclosure sale, a plaintiff must allege proper tender.  *Abdallah*

21  *v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *see also U.S. Cold Storage v. Great W. Savs.*

22  *and Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985); *Karlsen v. Am. Savs. and Loan Ass'n*, 15 Cal.

23  App. 3d 112, 117 (1971).  The plaintiff must tender, or offer to tender, an amount sufficient to cure the

24  default.  *Karlsen*, 15 Cal. App. 3d at 117; *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-

25  79 (1984).  In the absence of tender, or an offer to tender, a claim challenging a foreclosure sale fails

26  to state a cause of action.  *Karlsen*, 15 Cal. App. 3d at 117 (quoting *Leonard v. Bank of Am. Nat'l Trust*

27

28         [2]Plaintiff appears to have abandoned her causes of action for usury, abuse of process, intentional
infliction of emotional distress, and trespass.

United States District Court
For the Northern District of California

4

1   *& Savs. Ass'n*, 16 Cal. App. 2d 341, 344 (1936)).

2        Plaintiff has not alleged that she has tendered, or offered to tender, payment on her defaulted

3   loan.  Therefore, even if she had pursued a cause of action for wrongful foreclosure in her FAC, this

4   cause of action would fail.

5

6   **4.     Unfair Business Practices**

7        Plaintiff claims that defendant has engaged in unfair business practices in violation of the

8   California Business and Professions Code, section 17200.  Her claim is deficient, however, because

9   it fails to state facts sufficient to establish a violation.  Section 17200 provides in relevant part that

10  "unfair competition shall mean and include any unlawful or fraudulent business act or practice and

11  unfair, deceptive, untrue or misleading advertising."  A plaintiff alleging unfair business practices under

12  section 17200 must state with reasonable particularity the facts supporting the statutory elements of the

13  violation.  *Khoury v. Maly's of Ca.*, *Inc.* 14 Cal. App. 4th 612, 619 (1993).

14       Plaintiff alleges only that defendant's conduct was "fraudulent, deceptive, unfair, and wrongful."

15  FAC at ¶¶ X, XI.  She does not allege any facts supporting these legal conclusions.  Therefore, her

16  unfair business practices claim is deficient.

17

18  **CONCLUSION**

19       For all of the foregoing reasons, the Court hereby GRANTS defendant's motion to dismiss

20  plaintiff's FAC.  Docket No. 11.  Plaintiff's complaint is dismissed with prejudice.

21       **IT IS SO ORDERED.**

22

23  Dated: June 5, 2009

24

25                    SUSAN ILLSTON

26                    United States District Judge

27

28